IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD LEE JOHNSON, § | | |
|     Petitioner § | | |
| § | | |
| VS. § | C.A. NO. C-08-177 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| DIRECTOR, TEXAS DEPARTMENT § | | |
| OF CRIMINAL JUSTICE– § | | |
| INSTITUTIONAL DIVISION, § | | |
|     Respondent § | | |

### ORDER GRANTING MOTION FOR EXTENSION OF TIME AND DENYING MOTION FOR SANCTIONS

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and currently is incarcerated at the Darrington Unit in Rosharon, Texas. The actions about which he complains occurred in Beeville, Bee County, Texas. Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on May 28, 2008 (D.E. 1).[1]

On June 12, 2008 respondent was ordered to file an answer and any dispositive motions within 45 days of receipt of the petition but failed to do so. On August 7, 2008 an order to show cause was filed in which respondent was ordered to show cause, within 10 days of the date of the order, why default or other sanctions should not be entered against him. Respondent was cautioned that failure to timely comply with the order to

---

[1] Petitioner executed and mailed his petition on May 28, 2008. See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).

show cause could result in the entry of sanctions against him (D.E. 7). Court records show that respondent received the order to show cause on August 25, 2008 (D.E. 10).

On August 27, 2008 petitioner filed a response to the order to show cause and a motion for extension of time to file a response to the petition and to file a motion for summary judgment (D.E. 11). Counsel for respondent stated that the Postconviction Litigation Division of the Office of the Attorney General did not have any records indicating that the June 12, 2008 order had been received and that the first notice the office had regarding plaintiff's lawsuit was when it received a copy of his motion for summary judgment.[2] At that time the document clerk noted that there was no case pending for petitioner and prepared the case for its assignment to counsel on August 27, 2008 (Id.). Respondent seeks an extension of time until September 26, 2008 to file his response.

On September 5, 2008 petitioner filed a motion for sanctions against the respondent, asking that respondent's forthcoming answer and dispositive motion be struck. Petitioner did not describe any prejudice suffered because of the late filing by respondent and none is apparent from the record. In fact, petitioner has been released on parole (D.E. 13).

A district court is free to consider or disregard a late response. Frick v. Quinlin, 631 F.2d 37, 40 (5th Cir. 1980)(citations omitted); Bennett v. Collins, 835 F.Supp. 930

---

[2]Petitioner filed a motion for summary judgment on August 15, 2008 (D.E. 9).

(E.D. Tex. 1993). In this case, respondent has stated that his office did not receive a copy of the complaint in this case and did not know petitioner had filed a habeas corpus action until he received petitioner's motion for summary judgment. There is no evidence that respondent intentionally disobeyed the order or negligently failed to file a response or dispositive motion. Accordingly, petitioner's motion for sanctions (D.E. 12) is DENIED.

Respondent's motion for an extension of time to file an answer and dispositive motion in petitioner's case is granted (D.E. 11) and the pleadings are due September 26, 2008.

ORDERED this 30th day of September, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE