## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD LEE JOHNSON, | § | |
|     Petitioner | § | |
| | § | |
| VS. | § | C.A. NO. C-08-177 |
| | § | |
| NATHANIEL QUARTERMAN | § | |
| DIRECTOR, TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE– | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
|     Respondent | § | |

### MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and is living in a half-way house facility in Fort Worth, Tarrant County, Texas (D.E. 13, 17). The actions about which he complains occurred in Bee County, Texas. Proceeding *pro se* and *in forma pauperis,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on May 28, 2008 (D.E. 1).[1] Petitioner claims that his due process rights were violated during his trial and sentencing relating to his 2003 conviction for assault on a public servant, with enhancements. Respondent filed a motion for summary judgment on September 26, 2008 (D.E. 14). Petitioner filed a cross-motion for summary judgment on November 19, 2008 (D.E. 20). Also pending is an earlier motion for summary judgment filed by petitioner on August 15, 2008 (D.E. 9).

---

[1]Petitioner certified under penalty of perjury that he placed his petition in the prison mail system on May 28, 2008. See Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998).

**JURISDICTION**

This court has jurisdiction pursuant to 28 U.S.C. § 1331.  Petitioner was convicted in Bee County, Texas.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961(5th Cir. 2000).

**BACKGROUND**

On April 6, 1995 petitioner was convicted of unlawful delivery of a controlled substance (cocaine), enhanced by a prior conviction.  Ex Parte Johnson, App. No. WR-36,509-01 at 72.[2]  He was sentenced to a 15-year prison term in TDCJ-ID.  Id.

On March 25, 2002 petitioner was convicted of assault on a public servant, enhanced by prior convictions, under Tex. Pen. Code Art. 22.01(a)(1).  He was assessed a three-year sentence and it was noted that the sentence was to run consecutively to the earlier imposed 15-year sentence.  Petitioner pleaded guilty to the assault and not guilty to the enhancement.  Ex Parte Johnson, App. No. WR-36,509-04 at 25-27.

Petitioner did not appeal the assault conviction (Stmt. Of Julissa DeLeon, D.E. 14, Ex. A).  Petitioner filed an application for habeas relief in state court on September 22, 2003.  Ex Parte Johnson, App. No. WR-36,509-03 at 2-13.  The Texas Court of Criminal Appeals denied the application without written order on February 4, 2004.  Id. at "Action Taken" page.

---

[2]The state court records in this case are located at D.E. 15.

Petitioner filed a second state habeas action on February 27, 2008. Ex Parte Johnson, App. No. WR-36,509-04 at 2-13. The Texas Court of Criminal Appeals denied the application without a written order on May 7, 2008. Id. at "Action Taken" page.

Petitioner filed this federal habeas action on May 28, 2008. He argues that the three-year sentence is void because he was indicted under Tex. Pen. Code § 22.01(a)(1), when he should have been indicted under Tex. Pen. Code § 22.02. Petitioner also claims that the officer he was accused of assaulting never lodged an assault complaint with the Bee County Grand Jury or any other trial officials of Bee County, Texas. He asserts that without such a complaint, there was nothing on which to base the indictment. In his motion for summary judgment, respondent argues that petitioner's cause of action is time-barred and, in the alternative, without merit.

Petitioner counters that the statute of limitations does not apply because he is attacking a void sentence and that the sentence was void because he was convicted of assaulting a public servant when, in fact, he assaulted a prison guard who was not considered a public servant under the statute.

## APPLICABLE LAW

**A. Statute of Limitations**

Respondent seeks to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Petitioner filed his current application for writ of habeas corpus on May 10, 2007 and so is subject to the ADEPA provisions. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Petitioner's conviction became final when the time for filing a direct appeal expired, which was 30 days after entry of judgment, or April 25, 2002.[3] Tex. R. App. Proc. 26.2. He had one year from that date, or until April 25, 2003, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A); Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner did not file his petition until May 28, 2008, more than six years after the limitations period expired.

---

[3] Tex. R. App. Proc. 26.2.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). See also Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999)(petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied). According to the record, petitioner filed his first state court habeas petition on September 22, 2003 and his second state petition on February 27, 2008. Neither of these petitions served to toll the statute of limitations because both were filed after the limitations period had expired.

Petitioner also argues that he can raise a challenge to a void sentence at any time, citing in support Ex Parte McIver, 659 S.W.2d 434, 435 (Tex. Crim. App. 1979), Ex Parte Rich, 194 S.W.3d 508 (Tex. Crim. App. 2006) and Lookingbill v. Cockrell, 293 F.3d 256 (5th Cir. 2002). However, McIver and Rich deal with claims in state, rather than federal court and none of the cases cited hold or imply that AEDPA deadlines do not apply to habeas challenges in federal court, even when a petitioner is alleging that a sentence is void. Moreover, as discussed below, petitioner has failed to show that his sentence is void.

To the extent petitioner is arguing that he is entitled to equitable tolling, he has failed to make the requisite showing. Equitable tolling is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling. Coleman, 184 F.3d at 402 (citations omitted). Because equitable tolling is available only when the petitioner meets the high

5

hurdle of showing that (1) extraordinary circumstances (2) beyond his control (3) made it impossible to file his petition on time, equitable tolling is inappropriate in most cases. Henderson v. Johnson, 1 F.Supp.2d 650, 653 (N.D. Tex. 1998); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999).  See also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)(commenting that court can allow untimely petition to proceed under the doctrine of equitable tolling only in extraordinary circumstances).  A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).  Petitioner has not shown that he is entitled to equitable tolling.

Petitioner filed his federal habeas petition after the statute of limitations expired. Accordingly, his claim should be dismissed and judgment entered for respondent.

### B.  Merits

In the alternative, the merits of petitioner's cause of action will be addressed.  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Williams v. Taylor, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d (2000). Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. Neal v. Puckett, 239 F.3d 683, 687 (5th Cir. 2001)(citing Williams, 120 S.Ct. at 1522-1523). A federal court has no authority to grant habeas corpus relief simply because it concludes in its independent judgment that a state court's judgment is erroneous or incorrect. Neal, 239 F.3d at 687. In determining whether a state court decision in a habeas case is reasonable, the focus is on the ultimate legal conclusion reached by the state court and not on whether the state court considered and discussed every angle of the evidence. "[T]he only question for a federal habeas court is whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" Neal, 239 F.2d at 696 (citing Hennon v. Cooper, 109 F.3d 330, 334-335 (7th Cir. 1997)).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. Garcia v. Quarterman, 454 F.3d 441, 444 (5th Cir. 2006)(citations omitted). This deference extends not only to express findings of fact, but to the implicit findings of the state court. Id.

The Texas Court of Criminal Appeals denied petitioner's application without written order and the trial court did not hold a hearing or issue findings of fact or conclusions of law. In Texas writ jurisprudence, a denial of relief rather than "dismissal" of a claim by the Court of Criminal Appeals generally disposes of the merits of a claim. Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999). The AEDPA inquiry is not altered when state habeas relief is denied without an opinion. Schaetzle v. Cockrell, 343 F.3d 440, 443 (5th Cir. 2003). Accordingly, petitioner must show that the denial of habeas relief in state court was contrary to, or involved an unreasonable application of, clearly established Federal law, or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

### 1. Effect of Guilty Plea

As an initial matter, it is noted that petitioner pleaded guilty to the assault on a public officer charge. Ex Parte Johnson, App. No. WR-36,509-04 at 25. By doing so, he waived his right to challenge any of the proceedings that came before the guilty plea.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards

8

set forth in [McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

Petitioner argues that he was indicted and convicted under Tex. Pen. Code § 22.01(a)(1), when he should have been indicted under Tex. Pen. Code § 22.02. He does not attack the voluntariness of the guilty plea or allege that he received ineffective assistance of counsel on the guilty plea. Accordingly, he waived his right to challenge the indictment or conviction in his case and judgment should be entered for respondent in this matter.

**2. Statutes at Issue**

Even if petitioner had not waived his right to challenge the indictment and conviction, he would not be entitled to relief. Petitioner argues that he should not have been convicted of assault on a public servant because the victim of the assault was a corrections officer who worked in the Texas prison system and should not be considered a public servant.

The statute in effect at the time he committed the assault stated in relevant part the following:

(a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the persons's spouse; . . .

(b) An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:

(1) a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant; . . .

Tex. Pen. Code § 22.01 (Vernon 1999).

"Public servant" was defined as a person "elected, selected, appointed, employed, or otherwise designated as one of the following, even if he has not yet qualified for office or assumed his duties: (A) an officer, employee, or agent of government." Tex. Pen. Code § 1.07(a)(41) (Vernon 1994).

Petitioner has presented no evidence to support his assertion that a correctional officer is not a government employee. Without more, he cannot prevail on his argument that the victim of the assault was not a public servant.

Petitioner also argues that the court was without authority to stack his sentences. However, Tex. Code Crim. P. Art. 42.08(b) states the following:

> If a defendant is sentenced for an offense committed while the defendant was an inmate in the institutional division of the Texas Department of Criminal Justice and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

According to the statute, not only was the court authorized to have petitioner serve the sentences consecutively, it was obligated to do so. Petitioner's argument to the contrary is without merit.

### C. Certificate of Appealability

Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.

Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed both for procedural reasons and on the merits. If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is

11

further recommended that the COA be denied because reasonable jurists would not find it debatable that petitioner's habeas corpus petition has merit on either ground.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion for summary judgment (D.E. 14) be granted and petitioner's cause of action for habeas corpus relief be dismissed as time-barred and in the alternative, on the merits. Petitioner's motions for summary judgment (D.E. 9, 20) should be denied. It is further recommended that if petitioner seeks a COA, it be denied.

Respectfully submitted this 9th day of December, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).